# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Kirkpatrick*, 2012 IL App (2d) 100898

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RYAN C. KIRKPATRICK, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-0898 |
| Filed | April 17, 2012 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of defendant's postconviction petition was affirmed where the alleged deficiencies in the filings of defendant's postconviction counsel were harmless in light of the substance of counsel's certificate and his representations to the trial court, no *per se* conflict of interest existed as a result of the trial court's appointment of defendant's trial counsel to represent him on his postconviction petition, the record did not support defendant's contention that he was denied the reasonable assistance of postconviction counsel, and postconviction counsel's failure to provide a properly notarized supporting affidavit was rendered moot when the State moved to dismiss the petition on the merits and did not challenge the alleged procedural defects, a hearing was held, and the trial court ruled on the merits. |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, No. 06-CF-163; the Hon. Rosemary Collins, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Alan D. Goldberg and Jennifer L. Bontrager, both of State Appellate Defender's Office, of Chicago, for appellant.

Louis A. Bianchi, State's Attorney, of Woodstock (Lawrence M. Bauer and Edward R. Psenicka, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.

Justices McLaren and Birkett concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant, Ryan C. Kirkpatrick, appeals the trial court's second-stage dismissal of his petition filed under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/art. 122 (West 2008)). Defendant contends, *inter alia*, that he received the unreasonable assistance of postconviction counsel. The State counters that (1) we lack jurisdiction or (2) we should dismiss this appeal based on defects in the pleading; or (3) we should affirm because defendant received the reasonable assistance of counsel. We affirm.

¶ 2    In 2006, defendant was indicted on two counts of threatening a public official (720 ILCS 5/12-9(a)(1)(i) (West 2004)). Following a jury trial, defendant was convicted, and he was sentenced to 14 years' imprisonment. Defendant's conviction was affirmed on direct appeal. *People v. Kirkpatrick*, No. 2-07-0323 (2009) (unpublished order under Supreme Court Rule 23).

¶ 3    On June 15, 2009, defendant filed a *pro se* postconviction petition alleging multiple claims, including a claim that his trial counsel was unable to provide effective assistance because the trial court and the prison failed to allow communication with counsel and to allow access to discovery materials. Defendant attached various documents to the petition. On January 26, 2010, defendant filed a motion to appoint a special public defender due to a conflict of interest. On March 5, 2010, the trial court conducted a hearing. The trial court informed defendant that his petition had proceeded to the second stage and inquired "on the record" what his "position was with respect to [his] representation." Defendant responded that he wanted his trial counsel to represent him. The trial court asked, "So you're not alleging any conflict with him at all," and defendant replied, "No." The trial court granted defendant's request.

¶ 4    On August 13, 2010, counsel filed an amended petition for postconviction relief. Counsel alleged that (1) defendant was prejudiced by the length of time that elapsed between the time the act occurred and the time of the filing of the indictment; (2) the prosecutor failed to

disclose his submission for a judgeship, which resulted in a conflict of interest involved in the prosecution of this case; (3) a prosecutor erred on the record when he stated that various other crimes could not be charged as the statute of limitations had run on the crimes; and (4) he was given insufficient access to his discovery documents to assist in his defense. Counsel also filed a "Certificate of Counsel Pursuant to Illinois Supreme Court Rule 604(d)," in which he stated that he attempted to consult with defendant, reviewed the court file and record of proceedings, and made any necessary amendments.

¶ 5     On August 24, 2010, the State filed a motion to dismiss, and on August 25, 2010, it filed an amended dismissal motion. The State argued that every issue defendant raised could have been raised on direct appeal, and therefore the issues were waived. The State also argued that dismissal would be proper because the petition failed to "clearly set forth the respects" in which his constitutional rights were violated, as required by section 122-2 of the Act (725 ILCS 5/122-2 (West 2008)). The State further requested dismissal based on defendant's failure to attach to his petition affidavits, records, or other evidence supporting his allegations, as required by section 122-2 of the Act.

¶ 6     On August 31, 2010, the trial court conducted a hearing on defendant's amended postconviction petition and the State's dismissal motion. At the hearing, postconviction counsel informed the trial court that he had spoken with defendant a couple of times and had written communication with him. Counsel further informed the trial court that he had reviewed defendant's postconviction petition and discussed with defendant the petition and changes to the petition. Following argument of the parties, the trial court granted the State's motion to dismiss. In doing so, the trial court found that, despite the lapse of time between the event and the indictment, the State did not violate the statute of limitations and the lapse of time did not constitute a violation of defendant's rights. With respect to the second issue, the trial court found it waived because defendant could have raised the issue on direct appeal. The trial court found that the third issue had no constitutional merit. With respect to the fourth issue, the trial court indicated that it followed the supreme court's rules concerning discovery. In granting the State's motion to dismiss, the trial court concluded that defendant failed to raise any issue that amounted to a constitutional violation of his rights and that he had waived many of the issues, which could have been raised on direct appeal. Defendant filed a timely notice of appeal.

¶ 7     Defendant argues that his counsel provided unreasonable assistance by failing to file a proper certificate under Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984) and by failing to make necessary amendments to the petition or provide supporting affidavits. The State first argues that we lack jurisdiction because the petition was not verified by a notarized affidavit. Secondly and alternatively, the State asks that we affirm the dismissal and find that counsel did not provide unreasonable assistance.

¶ 8     Initially, we reject the State's claim that we lack jurisdiction over the appeal because the postconviction petition was not verified by a notarized affidavit. See *People v. Nitz*, 2011 IL App (2d) 100031, ¶ 12 (determining that jurisdiction was not based upon a fully executed affidavit).

¶ 9     Turning to the merits, defendant argues that his counsel provided unreasonable assistance

by failing to file a proper certificate under Rule 651(c) and by failing to make necessary amendments to the petition or provide supporting affidavits. The State asks that we affirm the dismissal and find that counsel did not provide unreasonable assistance.

¶ 10      The Act provides a method by which persons under criminal sentence can assert that their convictions were the result of a substantial denial of their rights under the United States or the Illinois Constitution or both. 725 ILCS 5/122-1(a)(1) (West 2008); *People v. Ligon*, 239 Ill. 2d 94, 103 (2010) (citing *People v. Petrenko*, 237 Ill. 2d 490, 495-96 (2010)). A postconviction proceeding is a collateral attack on the prior conviction or sentence that does not relitigate a defendant's innocence or guilt. *Ligon*, 239 Ill. 2d at 103 (citing *People v. Evans*, 186 Ill. 2d 83, 89 (1999)).

¶ 11      Proceedings under the Act are commenced by the filing of a petition in the circuit court in which the original proceeding took place. *People v. Hansen*, 2011 IL App (2d) 081226, ¶ 18 (citing *People v. Jones*, 211 Ill. 2d 140, 144 (2004)). A postconviction proceeding that does not involve the death penalty consists of three stages. At the first stage, the defendant files a petition and the trial court has 90 days in which it may review the petition without the input of any party and summarily dismiss it if the court finds it frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2008); *Hansen*, 2011 IL App (2d) 081226, ¶ 18 (citing *Jones*, 211 Ill. 2d at 144). To survive summary dismissal, the petition must present only the gist of a constitutional claim. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009); *Hansen*, 2011 IL App (2d) 081226, ¶ 18 (citing *Jones*, 211 Ill. 2d at 144).

¶ 12      At the second stage, counsel may be appointed for the defendant, if the defendant is indigent. 725 ILCS 5/122-4 (West 2008); *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). After an appointment, Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984) requires counsel: (1) to consult with the defendant by mail or in person; (2) to examine the record of the challenged proceedings; and (3) to make any amendments that are "necessary" to the petition previously filed by the *pro se* defendant. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007).

¶ 13      The Act further provides that, after counsel has made any necessary amendments to the petition, the State may move to dismiss it. *Pendleton*, 223 Ill. 2d at 472 (discussing 725 ILCS 5/122-5 (West 2000)); see also *Perkins*, 229 Ill. 2d at 43. If the State moves to dismiss, the trial court may hold a dismissal hearing, which is still part of the second stage. *People v. Coleman*, 183 Ill. 2d 366, 380-81 (1998). A trial court is foreclosed "from engaging in any fact-finding at a dismissal hearing because all well-pleaded facts are to be taken as true at this point in the proceeding." *Coleman*, 183 Ill. 2d at 380-81. A court reviewing a dismissal of a postconviction petition without an evidentiary hearing will do so *de novo*. *People v. Edwards*, 195 Ill. 2d 142, 156 (2001) (citing *Coleman*, 183 Ill. 2d at 389). In the present case, the trial court dismissed defendant's petition at the second stage; therefore, our review is *de novo*.

¶ 14      In the present case, the record does not establish that postconviction counsel was unfamiliar with the Act's requirements. Counsel is presumed to know the law. See *People v. Holman*, 164 Ill. 2d 356, 369 (1995) (courts recognize a strong presumption that attorneys are competent). Although defense counsel filed a certificate with the caption that it was pursuant to Illinois Supreme Court Rule 604(d) (eff. Dec. 13, 2005), the contents of the

certificate were also consistent with the requirements of Rule 651(c). See *People v. Williams*, 186 Ill. 2d 55, 59 n.1 (1999) (stating that the failure to file a proper affidavit certifying compliance with Rule 651(c) is harmless if the record demonstrates that counsel adequately fulfilled his or her duties, as the filing rule is not a rule of strict compliance). Despite counsel's failure to state that he satisfied his duties under the proper rule, the remaining substantive contents reflected that he attempted to consult with defendant, reviewed the court file and record of proceedings, and made any necessary amendments. Furthermore, at the hearing on the State's motion to dismiss, counsel informed the trial court that he had spoken with defendant a couple of times and had written communication with him. Counsel further informed the trial court that he had reviewed defendant's postconviction petition and discussed with defendant the petition and changes to the petition. We conclude that any deficiencies in postconviction counsel's filing were harmless in light of the substance of counsel's certificate and counsel's representations to the trial court.

¶ 15    Defendant next contends that he did not knowingly and intelligently waive the conflict created when the trial court appointed the same attorney who represented him at trial to also represent him on his postconviction petition. Defendant argues that the trial court failed to explain the conflict, its significance, and how it could affect postconviction counsel's representation of him.

¶ 16    "A criminal defendant's sixth amendment right to effective assistance of counsel includes the right to conflict-free representation." *People v. Taylor*, 237 Ill. 2d 356, 374 (2010). "Unless a defendant waives his or her right to conflict-free representation, a *per se* conflict of interest is grounds for automatic reversal." *Id.* at 375. However, a *per se* conflict does not exist merely because a defendant questions his attorney's competence during posttrial proceedings. *People v. Perkins*, 408 Ill. App. 3d 752, 762 (2011).

¶ 17    In the present case, we review the underlying allegations of incompetence to determine whether an actual conflict of interest exists. See *People v. Davis*, 151 Ill. App. 3d 435, 443 (1986). Defendant alleged that his trial counsel was unable to provide effective assistance because the trial court and the prison failed to allow communication with counsel and to allow access to discovery materials. Defendant does not appear to take issue with his trial counsel's competence but, rather, seems to express frustration with the court and the prison system. Although defendant alleged in his *pro se* postconviction petition that he was denied a fair trial and questioned counsel's effectiveness, he advanced no substantive allegations in support of the claim. See *People v. Williams*, 139 Ill. 2d 1, 12 (1990) (stating that bare allegations of a conflict are not enough). To the extent there was any issue regarding defendant's desire to advance a claim regarding the effectiveness of his trial counsel in his amended postconviction petition, the trial court sufficiently inquired as to defendant's wishes for representation. We conclude that no *per se* conflict existed when defendant's trial counsel represented him during the postconviction proceedings.

¶ 18    Defendant's next issue concerns the sufficiency of the amended postconviction petition. Defendant argues that postconviction counsel failed to provide a reasonable level of assistance because counsel failed to amend the postconviction petition as necessary and failed to attach supporting affidavits. Defendant asserts that counsel largely copied his *pro se* claims, failed to cite relevant case law, failed to include legal arguments, and attached no

evidence supporting the claims.

¶ 19    To proceed beyond the second stage of proceedings under the Act, a defendant must make a substantial showing of a constitutional violation. *Pendleton*, 223 Ill. 2d at 473. Only upon a substantial showing of a constitutional violation is a defendant entitled to a third-stage evidentiary hearing. See *People v. Spreitzer*, 143 Ill. 2d 210, 218 (1991) (a defendant is not entitled to an evidentiary hearing unless the allegations in his postconviction petition, supported by the trial record and the accompanying affidavits, make a substantial showing that his constitutional rights were violated).

¶ 20    Our supreme court has repeatedly held that postconviction counsel must perform specific duties in his or her representation as provided by Rule 651(c). *People v. Greer*, 212 Ill. 2d 192, 204-05 (2004). This rule requires that counsel meet with defendant to ascertain contentions of error and amend, if necessary, the *pro se* petition so as to adequately present those issues. Though these requirements do not obligate counsel to advance frivolous or spurious claims (*id.* at 205), a defendant is entitled to a " 'reasonable' " level of assistance of postconviction counsel (*Perkins*, 229 Ill. 2d at 42 (quoting *Pendleton*, 223 Ill. 2d at 472)).

¶ 21    Defendant's argument that postconviction counsel failed to provide a reasonable level of assistance is unavailing. Defendant primarily relies on *People v. Waldrop*, 353 Ill. App. 3d 244 (2004). In *Waldrop*, the defendant asserted that his postconviction counsel was unreasonable for failing to contact an eyewitness. *Id.* at 250. In his *pro se* petition, the defendant attached a report from a police department indicating that an officer spoke with a witness but the witness, despite witnessing the crime, did not want to get involved. *Id.* The allegation was realleged nearly verbatim in the defendant's amended petition, but postconviction counsel did not attach a supporting affidavit explaining the significance of the witness's testimony or why the supporting documentation was absent. *Id.* During argument on the State's motion to dismiss, postconviction counsel stated that he did not think evidentiary support was necessary for the defendant's allegation and contended that the defendant's verification was sufficient evidentiary support to make a substantial showing of a constitutional violation. *Id.* The reviewing court noted that, when ruling on a motion to dismiss a petition not supported by an affidavit, a trial court may reasonably presume that postconviction counsel made a concerted effort to obtain affidavits in support of the claims despite being unable to do so. The reviewing court further stated:

"[I]n this case, that presumption is flatly contradicted by the record. Postconviction counsel mistakenly believed that he did not have a duty to seek an affidavit from the witness specifically identified in [the] defendant's *pro se* petition." *Id.*

As a result, the reviewing court concluded that postconviction counsel's representation fell below a reasonable level of assistance, in violation of Rule 651(c). *Id.* at 250-51. The reviewing court concluded that, "[a]t a minimum, [postconviction] counsel was obligated to obtain evidentiary support for claims raised in the *pro se* petition." *Id.* at 251.

¶ 22    We find *Waldrop* distinguishable from the current matter and, therefore, unpersuasive. In *Waldrop*, the presumption that counsel made a concerted effort to obtain affidavits and other supporting documentation was clearly and unequivocally refuted by postconviction counsel's representation to the trial court that he did not believe evidentiary support was

necessary. *Id.* at 250. Conversely, the record here is not so clear, and therefore the presumption that defendant's postconviction counsel made a concerted effort to obtain affidavits in support of the claims is not rebutted. See *id.*

¶ 23    Specifically, defendant's amended postconviction petition raised the issues of the lapse of time between the alleged offense occurring and the State bringing charges, the prosecuting attorney being nominated for a judgeship, alleged legal misrepresentations by the prosecution, and the denial of the effective assistance of counsel. In support of these allegations, defendant submitted supporting documentation. With respect to defendant's argument that he was denied the effective assistance of counsel because he did not have access to discovery documents, defendant's documentation in support of his *pro se* petition clearly sets forth that trial counsel filed a motion for defendant to have access to discovery, but the trial court denied that motion. Therefore, defendant's claim of being denied the effective assistance of counsel was based on the actions of the trial court, not trial counsel. Similarly, defendant does not identify the additional evidence that needed to be submitted with the amended petition to support his allegation that the prosecutor had a conflict of interest resulting from his candidacy for a judgeship. Finally, defendant represents in his brief before this court that postconviction counsel failed to adequately shape his *pro se* claim of a violation pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963). However, because that claim lacked merit, counsel properly did not reallege it in his amended petition.

¶ 24    In short, unlike in *Waldrop*, the record is devoid of a "flat contradiction" that overcomes the presumption that postconviction counsel made a concerted effort to obtain supporting documents. As a result, we reject defendant's contention that he was denied the reasonable assistance of postconviction counsel.

¶ 25    Last, defendant argues that his postconviction counsel failed to adequately represent him under Rule 651(c) because he failed to provide a properly notarized affidavit, and his inclusion of a certification under section 1-109 of the Code of Civil Procedure (see 735 ILCS 5/1-109 (West 2008)) did not cure that failure. Defendant asks that we remand for appointment of new counsel, which is what the reviewing court did in *Nitz*. For the same reasons, the State asks that we affirm the dismissal.

¶ 26    Insofar as we have already upheld the trial court's second-stage dismissal of defendant's postconviction petition on the merits, we need not seek out an alternative, procedural defect on which to substantively decide the appeal. See *People v. Johnson*, 208 Ill. 2d 118, 129 (2003) (stating that a reviewing court may affirm a trial court's judgment on any ground appearing in the record). Moreover, our supreme court would prefer that we do not. See *Petrenko*, 237 Ill. 2d at 505 (noting that courts need not consider issues where they are not essential to the disposition of the cause or where the result will not be affected regardless of how the issues are decided).

¶ 27    We recognize *People v. Carr*, 407 Ill. App. 3d 315 (2011), as it is a published decision from this court (this author and Justice McLaren here concurring); however, *Carr* does not explain why it chose to address and resolve the appeal based on a procedural defect that was not addressed by the lower court prior to appellate review. See *People v. Sparks*, 393 Ill. App. 3d 878, 883 (2009) (stating that, at the dismissal stage of a postconviction proceeding,

the trial court is concerned merely with determining whether the petition's allegations sufficiently demonstrate a constitutional infirmity that would necessitate relief under the Act). We also recognize *Nitz* as it is a published decision from this court; however, we believe in the instant case that the notarization and certification issues are not justiciable and need not be addressed in this appeal. Once the State moved to dismiss on the merits and did not challenge the alleged procedural defects, and once the trial court conducted a hearing, during which neither party raised the alleged procedural defects, and presented its ruling based on the merits, the purported notarization and certification issues became moot.

¶ 28    Furthermore, we believe that our resolution of the current matter is more consistent with the spirit and purpose of the Act. See *People v. Taylor*, 237 Ill. 2d 356, 372 (2010) (stating that the purpose of a postconviction proceeding is to permit inquiry into constitutional issues involved in the original trial that have not been, and could not have been, adjudicated previously upon direct review). Our method of resolution also comports with our supreme court's long-held view that the Act in general must be " 'liberally construed to afford a convicted person an opportunity to present questions of deprivation of constitutional rights.' " *People v. Rissley*, 206 Ill. 2d 403, 421 (2003) (quoting *People v. Correa*, 108 Ill. 2d 541, 546 (1985)). And finally, under the auspices of fairness, we believe that reviewing and addressing the merits of a postconviction petition provide a more just result to a person under a criminal sentence. See *People v. Boclair*, 202 Ill. 2d 89, 101-02 (2002) (noting that, if a postconviction petition is untimely filed but has obvious substantive merit, *i.e.*, if it clearly demonstrates that a prisoner suffered a deprivation of constitutional magnitude, a dutiful prosecutor should waive the procedural defect). For all of these reasons, we decline to apply the holdings of *Carr* and *Nitz* to the circumstances of the present case.

¶ 29    Accordingly, we affirm the judgment of the circuit court of McHenry County.

¶ 30    Affirmed.