2020 IL App (2d) 180413-U
No. 2-18-0413
Order filed August 28, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Stephenson County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15-CF-246 |
| ROY H. SELLERS, | ) ) | Honorable Michael P. Bald, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE BIRKETT delivered the judgment of the court.
Justices Hutchinson and Brennan concurred in the judgment.

**ORDER**

¶ 1   *Held*: Postconviction counsel's failure to file a certificate under Supreme Court Rule 651(c) was harmless where the record demonstrated that counsel fulfilled the requirements of the rule.

¶ 2   Defendant, Roy H. Sellers, appeals from the second-stage dismissal of his postconviction petition. Defendant argues that the matter must be reversed and remanded for further proceedings because postconviction counsel failed to file a certificate that complied with Supreme Court Rule 651(c) (eff. July 1, 2017) and the record does not otherwise show compliance with the rule. We affirm.

¶ 3                                         I. BACKGROUND

¶ 4     On December 22, 2015, defendant was charged by amended information with seven offenses, stemming from a November 8, 2015, incident between defendant and his then-wife, Jennifer. Count I alleged that defendant committed home invasion (720 ILCS 5/19-6(a)(2) (West 2014) and count IV alleged that defendant committed domestic battery, having previously been convicted of that offense (720 ILCS 5/12-3.2(a)(1) (West 2014)).

¶ 5     On May 19, 2016, defendant pleaded guilty to counts I and IV, in exchange for a 12-year sentencing cap for home invasion and a 6-year extended term sentencing cap for domestic battery. Under the plea, all other charges would be dismissed, including a charge alleging that defendant violated an order of protection (720 ILCS 5/12-3.4(a) (West 2014)). Prior to accepting the plea, the trial court heard the factual basis, which established that, on November 8, 2015, defendant entered Jennifer's residence, closed the door, and beat and choked Jennifer while threatening to kill her. Jennifer drove herself to the emergency room, where she reported the incident to the police. Jennifer had injuries to her face, and her blood matched blood found on defendant's sock. At the time of the incident, defendant was not a peace officer acting in the line of duty, defendant and Jennifer were married, and the residence was Jennifer's dwelling place. The court admonished defendant in accordance with Supreme Court Rule 402(a) (eff. July 1, 2012), found that the factual basis supported the plea, and determined that the plea was voluntary.

¶ 6     On July 8, 2016, following a sentencing hearing, the trial court sentenced defendant to a nine-year prison term for home invasion and a concurrent five-year extended prison term for domestic battery. Defendant did not file, within 30 days, either a postplea motion or a direct appeal.

¶ 7     On October 6, 2016, defendant filed a *pro se* postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122 *et seq.* (West 2016)), raising the following claims.

First, he argued that, despite the existence of an order of protection prohibiting him from entering the home, he could not be convicted of home invasion, because he had a tenancy interest in the home with his then-wife. He cited three cases in support: *People v. Reid*, 179 Ill. 2d 297 (1997), *People v. Moulton*, 282 Ill. App. 3d 102 (1996), and *People v. Taylor*, 318 Ill. App. 3d 464 (2000). Defendant also argued that he could not be found guilty of home invasion, because he did not develop an intent to commit a felony until after he entered the residence. Defendant further argued that he received the ineffective assistance of counsel because counsel, rather than advise him that he could not be found guilty of home invasion and move to dismiss that charge, advised him instead to plead guilty. Defendant maintained that, had counsel properly advised him, he would not have pleaded guilty to home invasion. Defendant asked the court to vacate his conviction and sentence for home invasion.

¶ 8     On December 15, 2016, the trial court advanced the petition to the second stage and appointed the public defender to represent defendant. The State moved for summary dismissal, arguing that defendant was properly convicted of home invasion because subsection (d) of the home invasion statute provided that " 'dwelling place of another' includes a dwelling place where the defendant maintains a tenancy interest but from which the defendant has been barred by [an] *** order of protection." 720 ILCS 5/19-6(d) (West 2014)). The State argued that the cases relied on by defendant had been superseded by statute and do not apply. The State further argued that the home-invasion statute did not require intent to commit a felony.

¶ 9     On January 12, 2017, due to a conflict of interest with the public defender's office, the trial court appointed attorney Mark Zaleski to represent defendant.

¶ 10     On February 3, 2017, before appearing with Zaleski, defendant filed a "Supplement [*sic*] Motion Pursuant to 5/2-609 to Add Additional Information to Post Conviction Petition." The

motion essentially responded to the State's motion to dismiss the postconviction petition. Defendant argued that he did not commit the offense of home invasion as charged and that his constitutional rights were violated, because he was never indicted under subsection (d) of the home invasion statute. He again asked that his conviction and sentence for home invasion be vacated.

¶ 11    On February 14, 2017, defendant appeared with Zaleski. The trial court continued the matter at Zaleski's request.

¶ 12    On February 21, 2017, defendant filed a *pro se* "Supplement [*sic*] Motion Pursuant to 5/2-609, and Pursuant to Supreme Court Rule 181(C) Motion." Defendant argued that the "specificity of the offense is insufficient where the charge & statutory provision was not precise due to the statue [*sic*] of subsection (D) not being in the defendant[']s indictment." He again asked that his conviction and sentence for home invasion be vacated.

¶ 13    On April 19, 2017, defendant appeared with Zaleski, who moved to withdraw as counsel. Zaleski stated that, after reviewing defendant's filings and meeting with defendant several times, Zaleski did not believe that he could represent defendant. Zaleski also argued that he must withdraw under *People v. Greer*, 212 Ill. 2d 192, 209 (2004) (holding that the Act does not require counsel to advance postconviction claims that are frivolous and patently without merit, and in fact professional ethics bar counsel from bringing such claims). The trial court granted Zaleski's motion and appointed Karla Niemann to represent defendant.

¶ 14    On July 6, 2017, Niemann filed a motion to withdraw, along with a supporting memorandum. Niemann argued that the cases cited by defendant in support of his claim that he could not be convicted of home invasion because he had a tenancy interest in the home with his then-wife had been superseded. Niemann noted that new legislation had been enacted in 1998 adding subsection (d) to the home invasion statute, which defined " 'dwelling place of another' "

to include a dwelling in which the defendant maintains a tenancy interest but from which he is barred by an order of protection. See 720 ILCS 5/19-6(d) (West 2020). Niemann further noted that defendant's argument that he did not have the intent to commit a felony inside the residence before entering was misplaced, as it was not an element of home invasion. The trial court took the matter under advisement.

¶ 15    On July 17, 2017, defendant filed a *pro* se "Motion for Reconsideration of Post-conviction [*sic*] concerning charging Instrument." He asserted that the motion was brought "Pursuant to Supreme Court Rule 604(d)." In it, defendant argued that he received the ineffective assistance of postconviction counsel because counsel failed to discover that the charging instrument did not charge him with a violation of subsection (d) of the home invasion statute. He asked for "Reconsideration of Post-conviction [petition] concerning charges."

¶ 16    On that same day, defendant also filed a *pro se* "Amended Post Conviction Petition." In it, defendant argued that counsel was ineffective for failing to challenge the indictment, which was defective because the home invasion charge did not have requisite specificity. Defendant asked that his conviction and sentence for home invasion be vacated.

¶ 17    On August 4, 2017, defendant filed a *pro se* "Supplement [*sic*] Motion Pursuant To 5/2-609" seeking "to add additional Information to Amended Post conviction Petition." Defendant argued that the sentence that he received for home invasion was cruel and unusual because it was disproportionate to the penalties for the similar offenses of domestic battery and violation of an order of protection.

¶ 18    At an August 4, 2017, status hearing, the trial court noted that Niemann had moved to withdraw and that the motion was granted. (The record does not contain an order granting

Niemann's motion.) The court stated that "we've got to get an attorney for the defendant" and thereafter appointed attorney Anthony Coon.

¶ 19     On September 7, 2017, Coon appeared, along with defendant. The trial court asked him for an update, and Coon responded:

> "Your Honor, plugging along would be the best description. I didn't have at least one of the supplemental arguments that [defendant] had filed prior to—like the day I was appointed he filed something and the copy of the file that I got didn't have it so I was reviewing it today while waiting. Talked to [defendant] about the nuance of that argument compared to his kind of prior arguments. Just need time to review the arguments and either supplement a motion similar to what Miss Niemann said or argue [*sic*]. So however the Court wants to handle it for here."

The court continued the matter for status.

¶ 20     On October 5, 2017, Coon appeared, along with defendant, and the following colloquy took place:

> "MR. COON: Your Honor, from my end, I am representing [defendant] on what amounted to a motion he had filed. Miss Niemann had done some representation. He filed a supplement to that. I've got my hands around the issues. I've got my research done. I haven't been able to put pen to pad, if you will. I've talked to [defendant] about my findings at this point based upon my research and the fact that it is going to be similar to Miss Niemann that I don't know that it is going to go forward with me representing him, but I think I need to technically put that in writing for the Court and for him and so I just need a new date for that purpose.
>
>          THE COURT: You mean motion to withdraw type of situation?

MR. COON: Yes, yes. I mean I can argue it now, but the problem is that I have reviewed the case law and I don't think the case law supports his positions. He is basically relying on some older cases.

THE COURT: Okay. Yeah, let's put—

MR. COON: I can represent him, that's fine.

THE COURT: That's what I'm wondering. You know, he has to have someone that's going to go forward and represent him in regard to this case. Let's get another date, and this will be for presentation of the motion that is filed by Mr. Coon.

MR. COON: Okay."

¶ 21    On October 16, 2017, defendant filed a *pro se* "Supplement to be Included in Post-Conviction Motion to Withdraw Guilty Plea and Vacate Sentence." The motion generally recited the attorney certification requirements of Supreme Court Rule 604(d) and indicated that defendant wished to withdraw his plea and have his sentence modified. Defendant advanced no basis to support withdrawal of his guilty plea.

¶ 22    On November 13, 2017, defendant filed a *pro se* "Amended Supplement [*sic*] Motion Pursuant To 5/2-609 and Pursuant to Supreme Court Rule 181(C) Motion." Defendant argued that (1) he was not charged with sufficient specificity necessary to prepare a defense, where the information did not include subsection (d) of the home invasion statute; (2) counsel was ineffective for failing to challenge the charging information; and (3) the offense of home invasion (as it applied to defendant) was unconstitutionally disproportionate to the offense of violation of an order of protection.

¶ 23    On November 25, 2017, Coon appeared, along with defendant, and the following transpired:

"THE COURT: *** [T]his is a matter that's before the Court in regard to a post-conviction relief petition. There was a petition that was filed earlier, and Mr. Coon has been appointed.

The defendant had previously written, I think, the pro se version of this, and the defense was reviewing it to determine if there was going to be any additional petition or one that encompasses everything, or however you want to proceed.

Mr. Coon, I'll turn it over to you.

MR. COON: Got it, [Y]our Honor. [Defendant] and I, actually, went over, what I call a cumulative supplemental motion, if you will. It encompasses all of his arguments in one place at this point. I've got a few edits I need to do, but I would imagine that it will be filed today yet.

Then my goal is, is effectively to ask for a short date at which time I'll also put the legal authority with the motion, if you will.

THE COURT: Okay.

MR. COON: And—and then from there, it'll be in your hands and [the State's] hands to decide what response he wants to take to that process, and we'll have done our part.

THE COURT: And set a hearing date.

MR. COON: Set a hearing date, exactly."

The court indicated that it would set the matter out two to three weeks. Coon then commented:

"MR. COON: But this I'm going to file yet this week, and then the argument portion is—I've got all of [defendant's] arguments.

THE COURT: Okay.

MR. COON: I'm putting them in one place. I can file my appropriate 604(b) affidavit, things of that sort should be done all by the next hearing.

THE COURT: All right."

¶ 24 On November 29, 2017, Coon filed a "Cumulative Supplemental Motion to Withdraw Guilty Plea and Vacate Judgment." In it, Coon noted the allegations of error brought by defendant in his initial *pro se* postconviction petition, *i.e.*, "Constitutional violations for ineffective assistance of counsel for not being advised by trial counsel that, 'a defendant does not commit the offense of Home Invasion when he enters a dwelling [that] a protective order prohibits him from entering but of which he is [a] lawful tenant.' " Coon also laid out the subsequent contentions of error raised *pro se* by defendant as follows:

"A. That the State failed to charge Defendant for Home Invasion pursuant to Section 'D' of the Home Invasion Statute, 720 ILCS 5/12-11(d), resulting in a constitutional violation of Due Process;

B. That Count one of the Information charged Defendant with a violation of Home Invasion under Section 'A(2)' of the Home [I]nvasion Statute, not Section 'D';

C. That because Defendant plead guilty to a violation of the Home Invasion Statute under Section 'A(2)' but the [S]tate relies on the language of Section 'D' of the Home Invasion Statute, the State impermissibly changed the charging document, without notice;

D. That because Defendant plead guilty to a violation of the Home Invasion Statute under Section 'A(2)' but the [S]tate relies on the language of Section 'D' of the Home Invasion Statute, Defendant was denied the opportunity to mount a proper defense;

E. That Count 1 of the information should have included language required by Section (D) of the Home Invasion Statute because it is an element of the offense of Home Invasion as intended herein;

F. That the failure of Trial and Post-conviction attorneys to recognize the errors denied effective assistance of counsel;

G. That dismissal of the Predicate offense of Violation of an Order of Protection during the plea bargaining process effectively eliminated the element of the Home Invasion in that Defendant would not be in Violation of the Order of Protection for being present in the protected property; and

H. That the punishment for Home Invasion was disproportionate to the offense to the extent that it is cruel and unusual when compared to the similar offense of Violation of an Order of Protection."

Coon asserted that defendant requested that the court enter "an Order modifying the sentence or vacate the judgment and permit the defendant to withdraw the plea of guilty and plead anew pursuant to Illinois Supreme Court Rule 604(d)."

¶ 25    On December 20, 2017, Coon filed a 12-page document entitled, "Cumulative Arguments of Defendant in Support of Subsequent and Supplemental Motions to Withdraw Guilty Plea and Modify the Judgment," wherein Coon argued the contentions of error that he set forth in the November 29 motion.

¶ 26    In response, the State filed a "Supplemental Motion for Summary Dismissal." First, the State argued that the document filed by Coon should be dismissed as untimely, because it was a motion to withdraw the guilty plea and vacate the judgment, which was filed more than 30 days after judgment. The State further argued that the trial court should not consider the document as a

postconviction petition, because it was not labeled as such and was not supported by a certificate pursuant to Supreme Court Rule 651(c). The State then argued that, assuming the court considered the motion as a postconviction petition, defendant did not make a substantial showing of a constitutional violation. With respect to the argument raised by defendant in his initial *pro se* postconviction petition, the State adopted the argument filed in its initial motion to dismiss. With respect to the additional arguments, the State argued that the charge of home invasion was properly alleged, that there was no requirement that defendant be convicted of a violation of an order of protection for the exclusions of the home invasion statute to apply to him, and that defendant's sentence was not disproportionated.

¶ 27    A hearing took place on January 31, 2018. At the outset, the State argued that, other than defendant's original *pro se* postconviction petition, all other *pro* se documents should be ignored, because defendant filed them while represented by counsel. The State then argued the substantive merits of its motion to dismiss and Coon responded. At the close of arguments, Coon stated:

> "[Defendant] is asking—all he's asking at this point is resentencing on the issues, a fair chance on this particular case. So that—that creates some of the confusion as to at what phase or juncture this case sits right now. Not saying withdraw my guilty plea; he's okay there. It's the sentencing phase that he'd like to return to for the purposes of final disposition."

¶ 28    On May 9, 2018, the trial court granted the State's motion to dismiss. At the outset, the court denied as untimely defendant's *pro se* motions that sought to withdraw the guilty plea. Thereafter, the court rejected defendant's argument that he could not be convicted of home invasion under the statute to which he had pleaded guilty, that the sentence imposed was disproportionate to the offense, and that he received the ineffective assistance of counsel.

¶ 29    On May 30, 2018, Coon filed a "Certificate of Counsel Pursuant to Illinois Supreme Court Rule 604(d)" stating as follows:

> "1. I have consulted with the Defendant in person, by mail, by phone, or by electronic means to ascertain the defendant's contentions of error in the entry of the plea of guilty and in the sentence;
>
> 2. I have examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and
>
> 3. I have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

¶ 30    This timely appeal followed.

¶ 31                                    II. ANALYSIS

¶ 32    On appeal, defendant argues that the second-stage dismissal of his postconviction petition must be reversed and the matter remanded for further proceedings, because Coon did not substantially comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). Specifically, defendant argues that Coon did not file a certificate pursuant to Rule 651(c) and the record does not otherwise reveal compliance with the rule.

¶ 33    The Act provides a method by which persons under criminal sentence can assert that their convictions were the result of a substantial denial of their federal or state constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2018); *People v. Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 10. "A postconviction proceeding is a collateral attack on the prior conviction or sentence that does not relitigate a defendant's innocence or guilt." *Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 10. "Proceedings under the Act are commenced by the filing of a petition in the circuit court in which the original proceeding took place." *Id.* ¶ 11.

¶ 34    The Act establishes a three-stage process for the adjudication of a postconviction petition. *Id.* At the first stage, the trial court has 90 days to review the petition without the input of any party, and it may summarily dismiss the petition if it finds it to be frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2018); *Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 11. If a petition is not summarily dismissed at the first stage, it advances to the second stage, where an indigent petitioner can obtain appointed counsel. 725 ILCS 5/122-2.1(b), 122-4 (West 2018); *Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 12. "[A]fter counsel has made any necessary amendments to the petition, the State may move to dismiss it. [Citations.] If the State moves to dismiss, the trial court may hold a dismissal hearing, which is still part of the second stage. [Citation.]" *Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 13. If the defendant makes a substantial showing of a constitutional violation, the petition advances to the third stage where the trial court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2018).

¶ 35    Here, the petition was dismissed at the second stage. Thus, our standard of review is *de novo*. See *People v. Williams*, 186 Ill. 2d 55, 59-60 (1999) ("This court reviews the dismissal of a post-conviction petition without an evidentiary hearing *de novo*.")

¶ 36    "Under the Act, the defendant is only entitled to reasonable assistance of counsel [citation], which is based on counsel's compliance with [Illinois Supreme Court] Rule 651(c) [(eff. Feb. 6, 2013)]." *People v. Carrizoza*, 2018 IL App (3d) 160051, ¶ 12. Rule 651(c) requires counsel to (1) "consult[] with [defendant] by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights"; (2) "examine[] the record of the proceedings at the trial"; and (3) "[make] any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of [defendant's] contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Postconviction counsel is not required to amend a petitioner's *pro se* petition or raise

- 13 -

additional issues; he may do so if he chooses. *People v. Rodriguez*, 2015 IL App (2d) 130994, ¶ 27.

¶ 37    A certificate filed by counsel pursuant to Rule 615(c) raises a presumption of compliance with that rule. *Carrizoza*, 2018 IL App (3d) 160051, ¶ 12. In such a case, the burden is on defendant to rebut that presumption. *Id.* ¶ 13. If counsel fails to file a certificate that substantially complies with Rule 651(c), the court cannot presume that counsel complied with the rule. *Id.* However, "[w]here the record shows counsel complied with Rule 651(c), the failure to file a certificate is harmless error." *Id.*; see *Williams*, 186 Ill. 2d at 59 n.1 (stating that the failure to file a proper affidavit certifying compliance with Rule 651(c) is harmless if the record demonstrates that counsel adequately fulfilled his or her duties, as the filing rule is not a rule of strict compliance). If the record does not show that counsel complied with Rule 651(c), the matter must be remanded, regardless of whether the claims made in the *pro se* or amended petition are viable. *People v. Suarez*, 224 Ill. 2d 37, 51 (2007).

¶ 38    At the outset, we note that the State concedes that Coon did not file a Rule 651(c) certificate and that, therefore, there is no presumption that defendant received reasonable assistance of counsel. Thus, the issue is whether, despite Coon's failure to file a Rule 651(c) certificate, the record shows that Coon complied with the requirements of Rule 651(c). Defendant argues that it does not. According to defendant, the record does not show that counsel consulted with defendant to ascertain constitutional claims or that counsel made amendments to the *pro se* petition necessary to adequately present his claims. We disagree.

¶ 39    First, the record clearly establishes that Coon consulted with defendant. On both September 7 and October 5, 2017, Coon told the trial court that he had spoken with defendant. As of October 5, 2017, Coon was not yet sure if he was "going to go forward with" representing

defendant. Coon stated: "I don't think the case law supports his positions." Coon alluded to possibly filing a motion to withdraw "similar to Miss Niemann['s]." On November 25, 2017, after having apparently decided not to file a motion to withdraw as counsel, Coon told the court: "[Defendant] and I, actually, *went over*, what I call a cumulative supplemental motion, if you will. It encompasses *all of his arguments* in one place at this point. I've got a few edits that I need to do[.]" (Emphases added.) Although defendant acknowledges that Coon "certainly consulted with [defendant]," he argues that "there is no indication that the consultation involved constitutional claims." However, defendant's argument overlooks Coon's express statement that he "went over" the cumulative supplemental motion with defendant and that the motion "encompasse[d] *all* of [defendant's] arguments," which would obviously include defendant's constitutional arguments. (Emphasis added.) Defendant filed multiple *pro se* motions in this case, subsequent to filing his initial *pro se* postconviction petition, and he made his contentions known. We have no doubt that, when Coon "went over" his "cumulative supplemental motion" with defendant, which Coon told the court "encompassed all of defendant's arguments," their discussion involved defendant's constitutional claims.

¶ 40    Second, the record also shows that Coon made amendments to the *pro se* postconviction petition necessary to adequately present defendant's claims. Defendant asserts that "the record shows that counsel neither amended nor litigated the *pro se* post-conviction petitions." According to defendant, counsel abandoned the postconviction petition and pursued an untimely motion to withdraw the plea, when the record demonstrates that defendant did not even want his plea withdrawn. To be sure, Coon filed a document entitled "Cumulative Supplemental Motion to Withdraw Guilty Plea and Vacate the Judgment" and asserted therein that defendant wished to withdraw his plea. However, at the second-stage hearing, Coon made clear that, despite the title of

the document, defendant did not wish to withdraw his plea. And, despite the title of Coon's document, the trial court treated Coon's filing as a postconviction petition and considered and rejected all of defendant's constitutional arguments.

¶ 41    Defendant's reliance on *Carrizoza* does not warrant a different conclusion. In *Carrizoza*, the defendant filed a *pro se* postconviction petition, seeking relief from his conviction following an open plea of guilty to unlawful possession of a controlled substance with intent to deliver. He alleged that he was told by trial counsel that the police gave false testimony at the hearing on his motion to suppress, that the case was mishandled, and that the search and seizure were improper. *Carrizoza*, 2018 IL App (3d) 160051, ¶ 7. Postconviction counsel filed a certificate under Supreme Court Rule 604(d) and made no amendments to the petition. *Id.* ¶ 8. At the hearing on the State's motion to dismiss, postconviction counsel stated: " 'If we get [past] the fact that the State has claimed that this is not timely filed, I have read over the transcript, I've talked to [defendant], and I really have nothing to add to his petition.' " *Id.* ¶ 9. The court granted the State's motion and the defendant appealed, arguing that counsel failed to comply with Rule 651(c).

¶ 42    The reviewing court agreed. After finding that counsel failed to file a substantially compliant Rule 651(c) certificate, the court considered whether the record explicitly showed that counsel otherwise complied with Rule 651(c). The court found that it did not, stating:

> "Here, postconviction counsel did not amend the *pro se* petition or file any response to the State's motion to dismiss. At the hearing, counsel acknowledged that the petition was not timely filed and then stated, 'If we get [past] the fact that the State has claimed that this is not timely filed, I have read over the transcript, I've talked to [defendant], and I really have nothing to add to his petition.' While we acknowledge that counsel orally informed the court that he had 'talked to defendant,' this statement does not make

clear what specifically counsel spoke to defendant about. We, therefore, find it significant that the certificate counsel filed only stated that he talked to defendant regarding his contentions of error in the guilty plea and sentencing and only reviewed the transcript from those hearings. [Citation.] The record is devoid of any evidence establishing that counsel talked to defendant regarding his allegations of constitutional deprivation or reviewed the transcript from other proceedings, like the motion to suppress, where many of defendant's *pro se* contentions stemmed from." *Id.* ¶ 19.

Here, unlike in *Carrizoza*, that record shows that Coon spoke with defendant and thereafter filed an amended document that "encompasse[d] *all* of [defendant's] arguments" (emphasis added). Thus, as we noted above, it is clear that Coon spoke with defendant concerning his constitutional arguments. Moreover, in *Carrizoza*, the defendant's claims stemmed from the proceedings on the motion to suppress but the record showed that counsel reviewed only the transcripts from the guilty plea and sentencing. (Defendant makes no specific arguments concerning any failure on Coon's part to review the relevant proceedings.) Here, Coon averred in his Rule 604(d) certificate that he "examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing." Unlike in *Carrizoza*, there is no indication that defendant's claims stemmed from any other proceedings unreviewed by Coon.

¶ 43                                III. CONCLUSION

¶ 44    For the reasons stated, we affirm the judgment of the circuit court of Stephenson County.

¶ 45    Affirmed.