2021 IL App (2d) 180705-U
No. 2-18-0705
Order filed February 23, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 12-CF-3315 |
| JAMES K. DANIELS, | ) ) ) | Honorable Mark L. Levitt, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUDSON delivered the judgment of the court.
Justices McLaren and Brennan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Postconviction counsel failed to file a certificate under Rule 651(c), and the record did not affirmatively demonstrate compliance with the rule. Specifically, there was no showing that counsel reviewed the record of the trial court proceedings. Vacated and remanded for compliance with the rule.

¶ 2   On August 4, 2015, defendant, James K. Daniels, filed a *pro se* postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122 *et seq.* (West 2014)), seeking relief from his convictions of burglary (720 ILCS 5/19-1(a) (West 2012)). On December 1, 2015, the trial court appointed the Lake County Public Defender's Office to represent defendant in the postconviction proceedings. On May 4, 2017, the State was granted leave to file its motion to

dismiss defendant's petition. Postconviction counsel made no amendments to defendant's petition and did not file a response to the State's motion. On August 23, 2018, the court granted the State's motion and dismissed the petition. On appeal, defendant argues that the second-stage dismissal of his petition must be vacated and the matter remanded for further proceedings, with the appointment of new counsel, because postconviction counsel did not file a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) and the record does not otherwise show compliance with the rule. We agree.

¶ 3     The Act provides a method by which persons under criminal sentence can assert that their convictions were the result of a substantial denial of their federal or state constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2018); *People v. Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 10. The Act establishes a three-stage process for the adjudication of a postconviction petition. *People v. Boclair*, 202 Ill. 2d 89, 99 (2002). At the first stage, the trial court has 90 days to review the petition without the input of any party, and it may summarily dismiss the petition if it finds it to be frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2018); *Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 11. If a petition is not summarily dismissed at the first stage, it advances to the second stage, where an indigent petitioner can obtain appointed counsel. 725 ILCS 5/122-2.1(b), 122-4 (West 2018); *Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 12. "[A]fter counsel has made any necessary amendments to the petition, the State may move to dismiss it. [Citations.] If the State moves to dismiss, the trial court may hold a dismissal hearing, which is still part of the second stage. [Citation.]" *Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 13. If the defendant makes a substantial showing of a constitutional violation, the petition advances to the third stage where the trial court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2018); *Boclair*, 202 Ill. 2d at 100.

¶ 4    There is no constitutional right to effective assistance of counsel in postconviction proceedings. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). The right to counsel in postconviction proceedings is statutory (725 ILCS 5/122-4 (West 2018)), and the Act provides for a reasonable level of assistance. 725 ILCS 5/122-1 *et seq.* (West 2018)); *Suarez*, 224 Ill. 2d at 42. Rule 651(c) (eff. July 1, 2017) is meant to ensure that petitioners receive a reasonable level of assistance. *Suarez*, 224 Ill. 2d at 42. The rule requires:

> "The record filed in th[e] court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. Rule 651(c) (eff. July 1, 2017).

¶ 5    Substantial compliance with the duties set forth in Rule 651(c) is mandatory. *People v. Lander*, 215 Ill. 2d 577, 584 (2005). Postconviction counsel may show compliance by filing a Rule 651(c) certificate. *Id.* Filing a Rule 651(c) certificate gives rise to a rebuttable presumption that counsel complied with the rule and provided reasonable assistance. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. Failure to file a Rule 651(c) certificate is harmless error if the record demonstrates that counsel adequately fulfilled the required duties. *Lander*, 215 Ill. 2d at 584. While failure to certify compliance by filing a certificate can be harmless error (*id.*), failure to actually comply with the rule cannot (*id.* at 585). Once a petitioner survives the first stage, he is entitled to the reasonable assistance of counsel to help him adequately present his claims. *Suarez*, 224 Ill. 2d at 46. The statute cannot fulfill its purpose without requiring counsel to provide this basic level of

assistance. *Id.* Thus, where counsel fails to provide reasonable assistance, remand is required, regardless of whether the claims raised in the *pro se* and amended petitions are viable. *Id.* at 47.

¶ 6        Here, postconviction counsel did not file a Rule 651(c) certificate; therefore, there is no presumption that defendant received reasonable assistance of counsel. Thus, the issue is whether, despite counsel's failure to file a Rule 651(c) certificate, the record demonstrates that counsel complied with the requirements of Rule 651(c). It does not.

¶ 7        Under Rule 651(c) (eff. July 1, 2017), postconviction counsel must "examine[] the record of the proceedings at the trial." We agree with defendant that there is no affirmative showing in the record that postconviction counsel did so here. The State argues otherwise, pointing to two comments made by counsel. On April 22, 2016, counsel asked the trial court for "a little bit more time to review everything." On March 20, 2017, after six continuances, counsel stated: "I am ready to proceed to [the] second stage. I will not file anything, but I'll proceed on his previously filed motion—or PCP." The State asserts that, by these comments, counsel "inform[ed] the court that she had completed her review and was prepared to move forward with [defendant's] claims." We disagree with the State's generous interpretation. To agree with the State's position would require us to speculate, first, that "everything" meant "the record of the proceedings at the trial" (Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Indeed, "everything" could have referred to defendant's *pro se* filings. And, even if "everything" referred to the trial court record, we would have to speculate that counsel's statement, made almost a year later, that she was "ready to proceed to [the] second stage," meant that counsel had examined the trial court record. Such speculation is insufficient to show compliance with Rule 651(c). See *People v. Jennings*, 345 Ill. App. 3d 265, 271-72 (2003) (rejecting as nothing more than speculation the State's argument that postconviction counsel's itemized bill, showing that counsel reviewed the defendant's file, established that counsel

examined the trial court record as required under Rule 651(c)). At no point did the court ask counsel if she examined the trial court record, and counsel never affirmatively stated that she had.

¶ 8     Because the record does not affirmatively demonstrate that postconviction counsel examined the trial court record, we cannot conclude that defendant received the reasonable assistance of counsel required in a second-stage postconviction proceeding, and thus a remand is required. Given that our conclusion on the issue of counsel's failure to examine the trial court record is dispositive, we need not consider defendant's additional arguments that counsel failed to consult with him to ascertain his contentions of deprivation of constitutional rights and failed to make any necessary amendments to his *pro se* petition.

¶ 9     Accordingly, the judgment of the circuit court of Lake County is vacated and the cause is remanded with directions to appoint new postconviction counsel and to allow defendant to replead his postconviction petition. See *People v. Schlosser*, 2017 IL App (1st) 150355, ¶ 36 ("it was error to reappoint the same APD [assistant public defender] after this court found that his representation was unreasonable").

¶ 10    Vacated and remanded with directions.