# Illinois Official Reports

## Appellate Court

*People v. Carrizoza*, 2018 IL App (3d) 160051

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSE A. CARRIZOZA, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-16-0051 |
| Filed<br>Rehearing denied | March 20, 2018<br>April 24, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Whiteside County, No. 08-CF-467; the Hon. John L. Hauptman, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Michael J. Pelletier, Peter A. Carusona, and Bryon Kohut, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Terry A. Costello, State's Attorney, of Morrison (Patrick Delfino, Lawrence M. Bauer, and Richard T. Leonard, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Presiding Justice Carter and Justice McDade concurred in the judgment and opinion. |

**OPINION**

¶ 1 Defendant, Jose A. Carrizoza, appeals the denial of his postconviction petition, alleging that the case should be remanded for further postconviction proceedings where counsel filed a Rule 604(d) certificate instead of a Rule 651(c) certificate and failed to amend defendant's *pro se* petition. See Ill. S. Ct. R. 604(d) (eff. Dec. 3, 2015); R. 651(c) (eff. Feb. 6, 2013). We reverse and remand with directions.

¶ 2                                  FACTS

¶ 3 Defendant was charged with unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(a)(2)(D) (West 2008)). Defendant filed a motion to suppress, and a hearing was held. The evidence presented at the hearing established that Deputy Douglas Wade was working with the Whiteside County Sheriff's Department drug interdiction detail and observed defendant approach a stop sign in a truck and fail to signal continuously for 200 feet prior to stopping at the stop sign, in violation of section 11-804 of the Illinois Vehicle Code (625 ILCS 5/11-804 (West 2008)). Wade then radioed Sergeant Kristopher Schmidt about the violation. Schmidt then effectuated a traffic stop. During the stop, Schmidt called Deputy Mike Boucher and his canine, Pico. Pico performed a free-air sniff and showed a positive indication to the presence of a controlled substance near the passenger side tire.

¶ 4 After Pico alerted, Schmidt asked defendant if he had any contraband, and defendant said that he did not. Defendant permitted Schmidt and Boucher to search his truck. Upon the initial search, they discovered that the truck's bolts, molding, and carpet appeared to have been removed and replaced and did not fit properly. Chief Deputy Larry Van Dyke searched the bed of the truck and took the spare tire to an auto body shop to see if there was anything hidden inside it. Van Dyke thought the tire felt heavier than it should.

¶ 5 Schmidt read defendant his *Miranda* rights (*Miranda v. Arizona*, 384 U.S. 436 (1966)) but told him he was not under arrest. Schmidt asked defendant if he would follow him to the auto body shop so they could continue the search. Defendant drove his truck to the auto body shop. At the auto body shop, it was discovered that a toolbox in the bed of the truck had a hidden compartment that contained "six kilos of cocaine individually packaged." Defendant was placed under arrest. After allowing the parties to file written arguments, the court denied the motion to suppress.

¶ 6 Defendant entered an open plea. After a sentencing hearing was held on May 13, 2010, the court sentenced defendant to 25 years' imprisonment with 3 years' mandatory supervised release. Defendant did not directly appeal.

¶ 7 On June 30, 2014, defendant filed a *pro se* postconviction petition. The postconviction petition, which is the subject of this appeal, stated:

"I *** was advised by [my trial attorney] to put in post-conviction petition. She advise[d] me that the Whiteside County, Police, and County Sheriff's testimonies were false, and the case was mishandle[d]. The search, seizure was done improperly and evidence was mis-withheld. I believe my time for the charge was unjustly."

Defendant also asked for counsel to be appointed.

¶ 8    The court allowed the postconviction petition to proceed to the second stage and appointed counsel. Postconviction counsel did not amend the petition but filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. Dec. 3, 2015), stating:

> "1. I have consulted with the Defendant in this cause in person or by mail to ascertain the Defendant's contentions of error in the entry of the plea of guilty and in the sentence;
>
> 2. I have examined the trial court file and report of proceedings of the plea of guilty and the sentencing; and
>
> 3. I have made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

The State filed a motion to dismiss the postconviction petition, stating that the petition was untimely, not properly supported, and failed to establish a substantial preliminary showing of any constitutional violation.

¶ 9    A hearing was held on the motions to dismiss. In response to the State's motion, defendant's postconviction counsel stated:

> "I will admit that it was filed after the fact, after the time it should have been filed. But *** we would allege *** that [defendant], in his affidavit states that he did so, or he believed he could do so because he claims [trial counsel] told him what to do and he followed her advice.
>
> * * *
>
> If we get [past] the fact that the State has claimed that this is not timely filed, I have read over the transcript, I've talked to [defendant], and I really have nothing to add to his petition."

The court dismissed the petition, finding that the petition did not present a substantial showing of a constitutional violation.

¶ 10                                    ANALYSIS

¶ 11    On appeal, defendant requests that the dismissal of his postconviction petition be reversed and the matter be remanded for new second-stage proceedings due to counsel's failure to comply with Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). Specifically, defendant calls our attention to the fact that postconviction counsel did not file a certificate that substantially complied with Rule 651(c) or amend his *pro se* petition.

¶ 12    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)) "provides a method by which persons under criminal sentence can assert that their convictions were the result of a substantial denial of their rights under the United States or the Illinois Constitution or both." *People v. Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 10. Under the Act, the defendant is only entitled to reasonable assistance of counsel (*People v. Perkins*, 229 Ill. 2d 34, 42 (2007)), which is based on counsel's compliance with Rule 651(c). Under Rule 651(c), postconviction counsel must file a certificate stating that he or she

> "consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013).

Strict compliance with Rule 651(c) is not necessary. *People v. Williams*, 186 Ill. 2d 55, 59 n.1 (1999). A certificate pursuant to Rule 651(c) raises a presumption of compliance with that rule. *People v. Smith*, 2016 IL App (4th) 140085, ¶ 33. However, "[i]f counsel fails to file a certificate of compliance with Rule 651(c), a reviewing court is not entitled to assume that counsel has complied with the rule; rather, there must be an explicit showing in the record that the rule's requirements have been met." *People v. Myers*, 386 Ill. App. 3d 860, 865 (2008). Stated another way, the failure to file a proper Rule 651(c) certificate is harmless if the record demonstrates that counsel adequately fulfilled his or her duties. *People v. Suarez*, 224 Ill. 2d 37, 44-45 (2007); *People v. Guest*, 166 Ill. 2d 381, 412-13 (1995).

¶ 13    In sum, in determining whether postconviction counsel complied with Rule 651(c), we first determine whether counsel filed a certificate that substantially complied with Rule 651(c). If so, a presumption is raised that counsel complied with that rule, and the burden is on the defendant to rebut that presumption. *Smith*, 2016 IL App (4th) 140085, ¶ 33. If counsel did not file a certificate that substantially complied with Rule 651(c), we determine whether the record explicitly shows that counsel complied with Rule 651(c). *Suarez*, 224 Ill. 2d at 43-44. Where the record shows counsel complied with Rule 651(c), the failure to file a certificate is harmless error. *Williams*, 186 Ill. 2d at 59 n.1. However, where the record does not explicitly demonstrate counsel's compliance with the rule, we must remand the matter to the circuit court for compliance. *Suarez*, 224 Ill. 2d at 47.

¶ 14    Thus, we first determine whether postconviction counsel filed a certificate that substantially complied with Rule 651(c). Here, the certificate that postconviction counsel filed was captioned, "Defense Counsel Certificate of Compliance with Supreme Court Rule 604(d)." Counsel is required to file a certificate pursuant to Rule 604(d) when a defendant seeks to withdraw his guilty plea. Ill. S. Ct. R. 604(d) (eff. Dec. 3, 2015). A certificate under Rule 604(d) requires the attorney to affirm that he or she

> "has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

¶ 15    Though Rule 604(d) and Rule 651(c) certificates are similar, they do contain noticeable differences. *People v. Mason*, 2016 IL App (4th) 140517, ¶ 22.

> "Under Rule 604(d), the attorney's certificate requires only that the attorney consult with defendant and review the records with respect to the plea and sentencing proceedings. Conversely, under Rule 651(c), the attorney's certificate requires the attorney to consult with defendant regarding any contentions of deprivation of constitutional rights, and he must review the record of proceedings. In other words, a Rule 604(d) certificate is more limited in scope than a Rule 651(c) certificate." *Id.*

¶ 16    The parties cite two cases regarding whether a Rule 604(d) certificate is adequate for substantial compliance with Rule 651(c). In *Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 4, postconviction counsel filed a " 'Certificate of Counsel Pursuant to Illinois Supreme Court Rule 604(d).' " On appeal, the Second District noted that although postconviction counsel had filed a certificate captioned pursuant to Rule 604(d), the contents of the certificate were

"consistent with the requirements of Rule 651(c)." *Id.* ¶ 14. The court therefore concluded that counsel had filed a certificate that substantially complied with Rule 651(c). *Id.*

¶ 17    In *Mason*, 2016 IL App (4th) 140517, ¶ 10, postconviction counsel filed a Rule 604(d) certificate where

> "postconviction counsel stated he had reviewed defendant's *pro se* motion, consulted with defendant by mail and phone to ascertain his contentions of error in the plea and sentencing hearings, and ascertained no amendments to defendant's *pro se* motion were necessary to present defendant's contentions of error at the plea and sentencing proceedings."

On appeal, the Fourth District found *Kirkpatrick* to be factually distinguishable. *Id.* ¶¶ 24-25. In doing so, the court stated:

> "[U]nlike in *Kirkpatrick*, postconviction counsel did not merely mislabel the caption of his certificate; rather, the language contained within the certificate mirrors the precise language of Rule 604(d). Although the claims in defendant's *pro se* postconviction petition revolved mostly around his guilty plea and sentencing, some of his claims required postconviction counsel to consider the records from other proceedings. Thus, the certificate filed by postconviction counsel fails to demonstrate he reviewed the transcripts of all the trial court proceedings or spoke with defendant about his contentions of constitutional deprivation outside of the plea and sentencing hearings." *Id.* ¶ 24.

¶ 18    The certificate filed here is more similar to that in *Mason* than *Kirkpatrick*. Like in *Mason*, postconviction counsel's certificate precisely mirrored the language of Rule 604(d) in that counsel stated he (1) "consulted with the Defendant in this cause in person or by mail to ascertain the Defendant's contentions of error in the entry of the plea of guilty and in the sentence," (2) " examined the trial court file and report of proceedings of the plea of guilty and the sentencing," and (3) "made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." It was not simply a misnamed Rule 651(c) certificate like the one filed in *Kirkpatrick*. Though defendant's postconviction petition raised a sentencing issue as contemplated by Rule 604(d), the petition also included claims not covered by Rule 604(d), specifically that "the Whiteside County, Police, and County Sheriff's testimonies were false, and the case was mishandle[d]. The search, seizure was done improperly and evidence was mis-withheld." In order to consider these contentions, postconviction counsel would have had to consider the record outside the plea and sentencing, including the hearing from the motion to suppress. The certificate postconviction counsel filed fails to shows that he reviewed these proceedings or spoke to defendant about these contentions. Thus, we find that postconviction counsel did not file a certificate that substantially complied with Rule 651(c).

¶ 19    Having determined that a substantially compliant Rule 651(c) certificate was not filed, we next turn to the question of whether the record explicitly shows that postconviction counsel complied with the mandate of Rule 651(c). Here, postconviction counsel did not amend the *pro se* petition or file any response to the State's motion to dismiss. At the hearing, counsel acknowledged that the petition was not timely filed and then stated, "If we get [past] the fact that the State has claimed that this is not timely filed, I have read over the transcript, I've talked to [defendant], and I really have nothing to add to his petition." While we acknowledge that counsel orally informed the court that he had "talked to defendant," this statement does not

- 5 -

make clear what specifically counsel spoke to defendant about. We, therefore, find it significant that the certificate counsel filed only stated that he talked to defendant regarding his contentions of error in the guilty plea and sentencing and only reviewed the transcript from those hearings. *Supra* ¶ 18. The record is devoid of any evidence establishing that counsel talked to defendant regarding his allegations of constitutional deprivation or reviewed the transcript from other proceedings, like the motion to suppress, where many of defendant's *pro se* contentions stemmed from. Simply put, the record does not provide any assurance "that postconviction counsel fulfilled his duty under Rule 651(c) rather than under Rule 604(d)." *Mason*, 2016 IL App (4th) 140517, ¶ 25.

¶ 20 In coming to this conclusion, we again call attention to the factual contrast between *Kirkpatrick* and *Mason*. While the *Kirkpatrick* court ultimately found the Rule 651(c) certificate to be substantially compliant, the court also noted the depth of postconviction counsel's representation. *Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 14. Specifically, the court commented on the fact that counsel amended the *pro se* petition and assured the court at the hearing that counsel had spoken with the defendant a couple of times, had written communications with him, had reviewed the defendant's petition, and had discussed the petition and potential changes to the petition with the defendant. *Id.* No such amendments or assurances were made in the instant case. In contrast, the *Mason* court not only found that counsel failed to file a substantially compliant certificate, but the court also noted, when concluding that counsel failed to comply with the substance of Rule 651(c), that counsel did not amend the petition or provide any oral Rule 651(c) assurances. *Mason*, 2016 IL App (4th) 140517, ¶¶ 10, 13. Similar to our finding above that the certificate in the instant case mirrors the one found in *Mason* (*supra* ¶ 18), we also find that counsel's representation in the instant case also mirrors the representation described in *Mason*.

¶ 21 We, therefore, reverse the circuit court's dismissal of the postconviction petition and remand for further second-stage proceedings, including the appointment of new postconviction counsel for defendant, who shall file a new certificate pursuant to Rule 651(c) and make any amendments to the *pro se* petition deemed necessary. As we remand for compliance with Rule 651(c), we need not address defendant's remaining contentions.

¶ 22 Finally, we would be remiss if we did not clarify the limited scope of our analysis. The question of whether a certificate filed substantially complies with the requirements of Rule 651(c) should be considered on a case-by-case basis. For example, our holding is not intended to foreclose a finding of substantial Rule 651(c) compliance with regard to any and all certificates filed in the future that contain Rule 604(d) language or are labeled as Rule 604(d) certificates. Likewise, if a court concludes that substantial compliance is in fact lacking, we emphasize that a court must then consider the totality of the circumstances as borne out in the record when determining whether the Rule 651(c) certificate error is harmless. Upon reviewing the unique certificate and record in the instant case, we find both the certificate and representation fail to establish Rule 651(c) compliance.

¶ 23 CONCLUSION

¶ 24 The judgment of the circuit court of Whiteside County is reversed and remanded with directions.

¶ 25 Reversed and remanded with directions.