NOTICE

Order filed March 15, 2021.
Modified upon denial of
rehearing March 29, 2021.

2021 IL App (5th) 170305-U

NO. 5-17-0305

IN THE

NOTICE

This order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 11-CF-1918 |
| | ) | |
| ALLEN HOLLOWAY III, | ) | Honorable |
| | ) | Robert B. Haida, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court's second-stage dismissal of defendant's petition for post
        conviction relief is reversed and the cause remanded where postconviction
        counsel did not satisfy the requirements of Rule 651(c).

¶ 2     In January 2010, in St. Clair County case No. 10-CF-80, defendant, Allen

Holloway III, was charged with one count of unlawful possession with the intent to

deliver cannabis (720 ILCS 550/5 (West 2010)) and one count of aggravated unlawful

use of a weapon (720 ILCS 5/24-1.6 (West 2010)). In December 2011, in St. Clair

County case No. 11-CF-1918, defendant was charged with one count of first degree

murder (720 ILCS 5/9-1(a) (West 2010)). The first degree murder charge alleged that in

1

July 2011, defendant fatally shot Jarius Nicholson without lawful justification. Thereafter, the State gave notice of its intent to seek an enhanced penalty of up to natural life imprisonment in light of defendant's use of a firearm (see 730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2010)), and a jury trial on the cause was set for October 7, 2013.

¶ 3 On October 4, 2013, defendant entered a negotiated plea of guilty to a charge of aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West 2010)) that the State filed the same day. In exchange for defendant's plea of guilty to the newly filed charge, the parties agreed that he would receive a sentence between 15 and 30 years and that the other charges against defendant in 11-CF-1918 and 10-CF-80 would be dismissed.

¶ 4 Before accepting defendant's plea as voluntary, the trial court fully admonished him pursuant to Illinois Supreme Court Rule 402(a) (eff. July 1, 2012). Defendant also acknowledged, *inter alia*, that a conviction on the first degree murder charge would have carried a penalty of 45 years to life and that the penalty range for the charge of aggravated battery with a firearm was 6 to 30 years. Defendant stipulated the existence of a factual basis for the plea and indicated that other than the terms of the stated agreement, no promises had been made to "get [him] to plead guilty."

¶ 5 The factual basis for defendant's plea established that on the evening of July 30, 2011, Nicholson and a group of his friends were gathered outside a home in Cahokia when a car driven by Emanuel Henderson pulled up and stopped in front of the house. Henderson "yelled something" at the group, and defendant exited the car armed with a 9-millimeter handgun. Defendant fired multiple shots in the group's direction, and one of the bullets struck Nicholson as he "turned and ran."

¶ 6 On November 26, 2013, the cause proceeded to a sentencing hearing where it was reiterated that pursuant to the parties' agreement, defendant would receive a sentence between 15 and 30 years. After considering the parties' evidence and arguments, the trial court ordered defendant to serve a 20-year term of imprisonment on his guilty plea and dismissed all of the remaining charges as the parties had agreed.

¶ 7 On December 17, 2013, defendant filed a motion to withdraw his guilty plea, alleging, *inter alia*, that he did not fully understand the trial court's admonishments or the consequences of the plea. On January 14, 2014, there was a hearing on the matter, but after consulting with trial counsel, defendant voluntarily withdrew the motion.

¶ 8 On November 17, 2016, defendant filed a *pro se* petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)), alleging violations of his rights to due process and the effective assistance of counsel. The petition alleged, *inter alia*, that he was made to believe he would only receive a 15-year sentence on his guilty plea, his trial attorney misled him into withdrawing his motion to withdraw the plea, and the charges filed against him in 10-CF-80 "[n]ever existed." The petition further alleged that defendant suffered from a "mild" mental disability, he did not fully understand the trial court's Rule 402 admonishments, and his trial attorney was ineffective for failing to recognize his mental capacity and bring it to the trial court's attention. As an attached exhibit, defendant's petition included the results of a math-and-reading aptitude test that he had apparently taken in May 2015 and August 2015. The results indicated that defendant exhibited poor reading skills on

3

both occasions, but his math skills significantly improved. Portions of the trial court record were also attached as exhibits to defendant's *pro se* petition.

¶ 9     In January 2017, the trial court docketed defendant's petition for second-stage proceedings and appointed counsel to represent him. On April 17, 2017, postconviction counsel filed an amended postconviction petition on defendant's behalf that substantively realleged most of the claims set forth in defendant's *pro se* petition but omitted the allegation that defendant was made to believe he would only receive a 15-year sentence. As a new claim, the amended petition further alleged that defendant's plea was involuntary because he "was under a great deal of stress and pressure and was not thinking clearly at the time the [p]lea was entered." The amended petition referenced the charges in 10-CF-80 several times, and on one occasion, the weapon charge was mistakenly referred to as a burglary charge. In support of defendant's assertion that trial counsel should have been aware that he suffered from a mild mental disability and had a low mental aptitude, postconviction counsel attached a copy of the aforementioned test results.

¶ 10    In May 2017, the State filed a motion to dismiss defendant's amended petition for postconviction relief. The State contended that defendant's claims were either belied by the record of defendant's guilty plea proceedings or were otherwise false, vague, conclusory, or waived. The State noted that it had requested a transcript of the January 14, 2014, on-the-record withdrawal of defendant's motion to withdraw the plea and intended to use the transcript to supplement its arguments.

¶ 11  On June 13, 2017, with defendant present, the cause proceeded to a hearing on the State's motion to dismiss. At the outset, postconviction counsel acknowledged that defendant's amended petition was not properly notarized. He explained that he had mailed the amended petition to defendant unsigned and that it was later mailed back with only defendant's self-notarized signature. The trial court noted the State was aware of the situation, and the State confirmed it had no objection to the amended petition's lack of a formal notarization.

¶ 12  Referencing the transcript of defendant's guilty plea proceedings and defendant's responses to the trial court's questions therein, the State subsequently argued that defendant had fully understood the trial court's admonishments and that judgment on the plea was properly entered. In response to defendant's contention that the charges in 10-CF-80 never existed, the State noted that there were multiple orders entered in 11-CF-1918 that specifically referenced 10-CF-80, which did exist but did not result in any convictions.

¶ 13  With respect to defendant's claim that his trial attorney misled him into withdrawing his motion to withdraw the plea, the State advised that it had "just" received an emailed copy of the transcript of the hearing in which defendant withdrew the motion and provided opposing counsel a copy of the transcript immediately before the hearing. It contended that the transcript demonstrated that defendant's decision to withdraw the motion to withdraw the plea was voluntary. The State subsequently conceded that defendant's claim relied on matters that were "off the record" but argued that his allegations lacked specificity.

¶ 14 Postconviction counsel subsequently confirmed that defendant's allegations included ineffective-assistance-of-counsel claims that pertained to conversations and decisions that were "not on the record." Counsel suggested that it had not been defendant's "idea" to withdraw his motion to withdraw the plea. Because defendant's postconviction claims included issues involving matters outside the record, counsel maintained defendant was entitled to a hearing on his amended petition so that his trial attorney could testify and address defendant's allegations. He further argued that although there was no evidence to support a mental disability claim, defendant was "a man of low intelligence" and "did not understand what was going on" when his guilty plea was entered. The trial court subsequently took the matter under advisement.

¶ 15 On June 14, 2017, postconviction counsel filed a certificate stating he had complied with the requirements of Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). The certificate attested that counsel had "examined the entire record of the proceedings of the negotiated plea of guilty and sentencing," ascertained defendant's contentions of deprivation of constitutional rights by corresponding with defendant, and made any amendments to defendant's *pro se* petition that were necessary to adequately present defendant's contentions. On June 28, 2017, the State supplemented the record with a certified copy of the January 14, 2014, hearing transcript.

¶ 16 On July 31, 2017, the trial court entered a written order granting the State's motion to dismiss defendant's amended postconviction petition. The trial court concluded that the record did not support a claim of ineffective assistance of counsel and defendant

"exhibited a full understanding of the court proceedings of the three on the record proceedings." On August 9, 2017, defendant filed a timely notice of appeal.

¶ 17                                    ANALYSIS

¶ 18    On appeal, defendant does not contend that any of the claims set forth in his amended petition for postconviction relief are meritorious. Rather, defendant argues that we should reverse the trial court's dismissal of the petition and remand for further second-stage proceedings because postconviction counsel failed to provide a reasonable level of assistance pursuant to Illinois Supreme Court Rule 651(c).

¶ 19    Because the right to the assistance of counsel during postconviction proceedings is wholly statutory, an indigent defendant who is appointed counsel under the Act is not entitled to the level of assistance required under *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. McNeal*, 194 Ill. 2d 135, 142 (2000). Instead, a defendant is entitled to "a 'reasonable' level of assistance" guaranteed under the Act. *People v. Cotto*, 2016 IL 119006, ¶¶ 29-30.

¶ 20    To ensure reasonable assistance as required by the Act, Supreme Court Rule 651(c) imposes specific duties on postconviction counsel. *People v. Turner*, 187 Ill. 2d 406, 410 (1999). Rule 651(c) requires counsel to (1) consult with the defendant to ascertain his or her contentions of constitutional deprivations, (2) examine the record of the trial proceedings, and (3) make any amendments to the filed *pro se* petitions necessary to adequately present the defendant's claims. *Id.*; Ill. S. Ct. R. 651(c). The filing of a facially valid Rule 651(c) certificate creates a rebuttable presumption that counsel acted reasonably and complied with the rule. *People v. Wallace*, 2018 IL App

(5th) 140385, ¶ 31. We review *de novo* whether postconviction counsel complied with Illinois Supreme Court Rule 651(c). *People v. Suarez*, 224 Ill. 2d 37, 41-42 (2007).

¶ 21 On appeal, defendant argues that the record rebuts the presumption that postconviction counsel fulfilled the duties required by Rule 651(c), for several reasons. For example, defendant criticizes counsel for excluding in the petition that he was promised a 15-year sentence in support of his claim that he was misled. He also contends counsel's failure to notarize the petition and attach affidavits in support thereof demonstrates counsel's unreasonableness. Defendant further argues that counsel's failure to obtain and review the January 14, 2014, hearing transcript ("January 2014 transcript") regarding defendant's motion to withdraw his guilty plea belies counsel's contention that he reviewed the record of the trial proceedings as required by Rule 651(c). We need not address all of defendant's claims, as we find counsel's failure to obtain the transcript of the January 2014 transcript dispositive.

¶ 22 By its terms, Rule 651(c) requires examination of "the record of the proceedings at the trial." Ill. S. Ct. R. 651(c). Our supreme court, however, has explained that the rule mandates postconviction counsel to examine only the portions of the record necessary to investigate the constitutional claims raised in the defendant's *pro se* petition. *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). Postconviction counsels' duty under this requirement necessarily entails reviewing the transcripts of any hearings ostensibly relevant to the defendant's claims. See *People v. Carrizoza*, 2018 IL App (3d) 160051, ¶ 18; *cf. Turner*, 187 Ill. 2d at 411-12 (postconviction counsel did not violate Rule 651(c) by failing to review several transcripts of the proceedings where defendant's *pro se*

8

petition did not allege a constitutional violation based on any matters discussed in those transcripts).

¶ 23　In this case, postconviction counsel filed defendant's amended petition on April 17, 2017. The State's motion to dismiss referenced the January 2014 transcript but noted that the transcript was in the process of being prepared. At the hearing on the State's motion to dismiss, the State averred that it had just received an unofficial copy of the January 2014 transcript and that a transcript did not exist before then. It also averred that it emailed a copy to postconviction counsel immediately before the hearing.

¶ 24　This record demonstrates that a copy of the January 2014 transcript did not exist when postconviction counsel filed defendant's amended postconviction petition. Accordingly—although defendant's *pro se* petition argued that he was misled into withdrawing his motion to withdraw the plea—counsel did not review the hearing in which defendant withdrew the motion before amending defendant's postconviction petition. The record therefore affirmatively rebuts the presumption that postconviction counsel examined the transcripts of the proceeding necessary to adequately present defendant's claims.

¶ 25　Moreover, we note that the State neither disputes postconviction counsel's failure to review the January 2014 transcript prior to preparing the amended petition nor argues against defendant's contention that the failure to review the January 2014 transcript resulted in noncompliance with Rule 651(c). Rather, it conclusorily alleges that defendant failed to demonstrate how postconviction counsel did not fully examine the record. As such, the State has forfeited any argument on this basis. See *Vancura v. Katris*, 238 Ill. 2d

9

352, 369 (2010) (a party's failure to raise or develop an argument beyond a vague allegation may result in forfeiture of the argument on appeal).

¶ 26    Because postconviction counsel failed to comply with Rule 651(c), we remand the case for further proceedings so that postconviction counsel may comply with the mandates of Rule 651(c). See *Suarez*, 224 Ill. 2d at 51-52.

¶ 27    Upon petition for rehearing, defendant additionally requests newly appointed counsel on remand. He asserts the prudence in appointing new counsel once a reviewing court finds that previous counsel rendered unreasonable assistance to the same defendant in the same proceedings. *People v. Knight*, 2020 IL App (1st) 170550, ¶¶ 41-42. We agree and find defendant should be appointed new postconviction counsel on remand. See *Wallace*, 2018 IL App (5th) 140385, ¶ 53 (noting that the trial court should appoint new counsel on remand).

¶ 28                                    CONCLUSION

¶ 29    For the foregoing reasons, we find that postconviction counsel provided unreasonable assistance by failing to comply with the requirements of Rule 651(c). Accordingly, we reverse the trial court's judgment dismissing defendant's amended petition and remand the cause for further second-stage proceedings with newly appointed counsel.


¶ 30    Reversed and remanded.