**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 200485-U

Order filed August 10, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Tazewell County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0485 Circuit No. 13-CF-543 |
| JONATHAN BURHANS, | ) ) ) | Honorable Katherine S. Gorman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Presiding Justice Holdridge and Justice Brennan concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: Postconviction counsel did not provide unreasonable assistance.

¶ 2     Defendant, Jonathan Burhans, appeals from the second-stage dismissal of his postconviction petition, arguing that postconviction counsel provided unreasonable assistance by (1) filing a certificate that referenced Rule 604(d) rather than Rule 651(c), (2) neither amending defendant's petition nor withdrawing representation, and (3) failing to raise a challenge to the jury instructions related to predatory criminal sexual assault of a child. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4         Following a jury trial, defendant was convicted of two counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2012)) and one count of aggravated criminal sexual abuse (*id.* § 11-1.60(b)). The convictions arose from defendant's conduct with his minor child. Defendant was sentenced to terms of 24, 17, and 5 years' imprisonment, respectively, with the sentences running consecutively.

¶ 5         On direct appeal, defendant argued that the State failed to provide a foundation for the admission into evidence of research studies that informed the opinion of a witness. *People v. Burhans*, 2016 IL App (3d) 140462, ¶ 29. This court affirmed, finding that, although the State failed to lay an adequate foundation for the studies, the error was harmless beyond a reasonable doubt. *Id.* In coming to that conclusion, this court stated that the witness's testimony "did not show that defendant had committed the alleged crimes. It was [the minor's] testimony, along with DNA evidence, that overwhelmingly supported defendant's convictions." *Id.* ¶ 37.

¶ 6         Defendant subsequently filed a *pro se* postconviction petition that contained a list of ineffective assistance of trial and appellate counsel claims and due process violations. On January 22, 2018, the circuit court advanced the petition to the second stage and appointed counsel. In the amended petition, postconviction counsel omitted several assertions and reworded one but otherwise merely typed the statements made by defendant in the *pro se* petition. Both defendant's petition and the amended petition included defendant's affidavit, in which he stated that he had informed trial counsel that he had been framed by the minor's mother. No other affidavits or evidence were attached to the amended petition.

¶ 7         In a filing captioned "Rule 604(d) Certificate," postconviction counsel certified to the circuit court the following:

"1. I have consulted with the Defendant in person, by mail, by phone or by electronic means to ascertain the defendant's contentions of error in the jury trial and in the sentence;

2. I have examined the trial court file and report of proceedings of the jury trial and the report of proceedings in the sentencing hearing; and

3. I have made any amendments to the motion necessary for the adequate representation of any defects in those proceedings."

The State filed a motion to dismiss, which focused on the lack of support for defendant's claims. For instance, in response to defendant's claim that the State failed to give exculpatory evidence to the defense, the State argued that defendant failed to allege the nature of the evidence and could not show that any evidence had been withheld. On June 23, 2020, the court dismissed the petition, finding that defendant failed to make a substantial showing of a constitutional violation.

¶ 8                                            II. ANALYSIS

¶ 9        On appeal, defendant argues that his postconviction counsel provided unreasonable assistance. Specifically, defendant asserts that postconviction counsel did not (1) file a Rule 651(c) certificate, (2) present the legal claims in proper legal form, and (3) raise a challenge to the jury instructions used at trial.

¶ 10        Under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)), postconviction counsel is only required to provide a "reasonable" level of assistance, which is a less rigorous standard than the constitutional guarantee of effective assistance. *People v. Bass*, 2018 IL App (1st) 152650, ¶ 11. Under Rule 651(c), reasonable assistance requires a showing that postconviction counsel

"consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013).

See *People v. Carrizoza*, 2018 IL App (3d) 160051, ¶ 12. The filing of a Rule 651(c) certificate raises a rebuttable presumption that postconviction counsel rendered reasonable assistance. *Bass*, 2018 IL App (1st) 152650, ¶ 12. Strict compliance with Rule 651(c) is not required. *Carrizoza*, 2018 IL App (3d) 160051, ¶ 12. If counsel did not file a certificate that substantially complied with Rule 651(c), reasonable assistance may be established by the record. *Id.* ¶ 13. Therefore, in determining whether postconviction counsel provided reasonable assistance, we first determine whether counsel filed a certificate that substantially complied with Rule 651(c). *Id.* We review *de novo* the question of whether postconviction counsel provided a reasonable level of assistance. *People v. Russell*, 2016 IL App (3d) 140386, ¶ 10.

¶ 11        Defendant argues that postconviction counsel filed a certificate that fails to substantially comply with Rule 651(c) because it references the incorrect rule number and misidentifies the petition as a "motion." The question of whether a certificate substantially complies with Rule 651(c) should be considered on a case-by-case basis. *Carrizoza*, 2018 IL App (3d) 160051, ¶ 22. In *Carrizoza*, this court found that a certificate referencing Rule 604(d) failed to substantially comply with Rule 651(c) (*id.* ¶ 18); however, we emphasized that the holding was "not intended to foreclose a finding of substantial Rule 651(c) compliance with regard to any and all certificates filed in the future that contain Rule 604(d) language or are labeled as Rule 604(d) certificates." *Id.* ¶ 22. When a certificate has mistakenly referenced Rule 604(d) rather than Rule 651(c), reviewing

4

courts have focused on the substance of the language in the certificate. See, *e.g.*, *id.* ¶ 18; *People v. Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 14; *People v. Mason*, 2016 IL App (4th) 140517, ¶ 24.

¶ 12 In *Kirkpatrick*, the Second District determined that the mislabeled certificate substantially complied with Rule 651(c) because the "substantive contents reflected that [postconviction counsel] attempted to consult with defendant, reviewed the court file and record of proceedings, and made any necessary amendments." *Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 4. In *Carrizoza*, this court found that a mislabeled certificate failed to comply when it also used the language of Rule 604(d) and stated that counsel had consulted with defendant regarding "contentions of error *in the entry of the plea of guilty and in the sentence*" and "examined the trial court file and *report of proceedings of the plea of guilty and sentencing*." (Emphasis added.) *Carrizoza*, 2018 IL App (3d) 160051, ¶ 18.

¶ 13 Here, although postconviction counsel filed a certificate captioned "Rule 604(d) Certificate," the language in the body of the certificate closely mirrors the language set forth in Rule 651(c). Counsel certified that she had consulted with defendant, examined "the trial court file and report of proceedings of the jury trial and the report of proceedings in the sentencing hearing[,]" and made any necessary amendments. Although the certificate referenced a *motion* rather than a *petition*, we find that the language substantially complies with the requirements of Rule 651(c), as did the certificate in *Kirkpatrick*.

¶ 14 Because postconviction counsel filed a certificate that substantially complied with Rule 651(c), a presumption is raised that counsel complied with the rule, and the burden is on defendant to rebut that presumption. See *Carrizoza*, 2018 IL App (3d) 160051, ¶ 13. Defendant argues that the record affirmatively rebuts that presumption because counsel's amended petition "largely amounted to a typed copy of [defendant's] *pro se* petition" and "[t]he claims themselves were

deficient on their face—vague and conclusory claims, without explanation." Defendant concludes that "either counsel determined [defendant's] claims were meritless and advanced an [un]amended petition without explanation, or counsel did not conclude the claims were meritless, yet did not take the necessary steps to adequately shape them for legal presentation. As such, she provided unreasonable assistance ***."

¶ 15       Citing to *People v. Greer*, 212 Ill. 2d 192, 209 (2004), defendant argues that postconviction counsel was required to either amend the petition or move to withdraw as counsel. We reject defendant's assertion that postconviction counsel may not reasonably stand on insufficient legal claims raised by a defendant in a *pro se* petition. Although *Greer* allows postconviction counsel to withdraw when the claims in a petition are frivolous or patently without merit, it does not compel withdrawal in every instance where counsel is unable to amend a *pro se* petition. See *id.* at 211-12 (stating that "the inability of postconviction counsel to 'properly substantiate' a defendant's claims is *not* the standard by which counsel should judge the viability of a defendant's postconviction claims" (Emphasis in original.)). When counsel cannot establish support for claims in a *pro se* petition, counsel has the option to either stand on the allegations or withdraw as counsel. *People v. Malone*, 2017 IL App (3d) 140165, ¶ 10; see also *Bass*, 2018 IL App (1st) 152650, ¶ 20 (holding that postconviction counsel could elect either to withdraw or to stand on the *pro se* petition).

¶ 16       Here, defendant's *pro se* petition contained a number of broad, vague assertions such as "[c]ounsel failed to properly prepare for trial[,]" "[c]ounsel failed to challenge the admissability [*sic*] of evidence," and "[c]ounsel failed to use evidence to impeach witnesses at trial." Defendant himself fails to identify what evidence or which witnesses are at issue. Instead, he merely complains that postconviction counsel failed to amend his petition so that it established support for his claims. However, "[a] mere failure to amend the *pro se* petition is not enough to establish

6

inadequacy of representation in the absence of a showing that the petition could have been successfully amended." *People v. Johnson*, 232 Ill. App. 3d 674, 678 (1992). And when, as here, a circuit court rules upon "a motion to dismiss a post-conviction petition which is not supported by affidavits or other documents [the court] may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims, but was unable to do so." *People v. Johnson*, 154 Ill. 2d 227, 241 (1993). Because defendant has failed to establish that the petition could have been successfully amended, we conclude that postconviction counsel acted reasonably by standing on the *pro se* petition.

¶ 17　　　　　Finally, defendant argues that postconviction counsel provided unreasonable assistance by failing to raise a challenge to the jury instructions used at trial. However, this claim was not raised in defendant's *pro se* petition, and postconviction counsel has no obligation to raise claims not raised in the *pro se* petition. See *People v. Pendleton*, 223 Ill. 2d 458, 475-76 (2006). Defendant "is not entitled to the advocacy of counsel for purposes of exploration, investigation and formulation of potential claims." *People v. Davis*, 156 Ill. 2d 149, 163 (1993). As such, "postconviction counsel is not required to comb the record for issues not raised in the defendant's *pro se* postconviction conviction." *People v. Helton*, 321 Ill. App. 3d 420, 424-25 (2001).

¶ 18　　　　　　　　　　　　　　　　III. CONCLUSION

¶ 19　　　　　The judgment of the circuit court of Tazewell County is affirmed.

¶ 20　　　　　Affirmed.